UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL D. MEYERS and MARYANN
MEYERS,

    Plaintiffs,

vs.      Case No.    3:25-cv-897-MMH-SJH

R.J. REYNOLDS TOBACCO
COMPANY,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiffs' Response to Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss First Amended Complaint (Doc. 26; Response), filed on September 25, 2025. In the Response, Plaintiffs, in addition to asserting that Defendant's motion to dismiss is due to be denied, appear to request leave to amend their complaint in the event the Court finds that their allegations are inadequate. See Response at 20. As an initial matter, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty, 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for

leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Rules 3.01(a) and 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); U.S. ex rel. Atkins v. McInteer, 470

F.3d 1350, 1361–62 (11th Cir. 2006) (same).[1] Thus, the Court will not entertain Plaintiffs' request for relief included in the Response. Plaintiffs are advised that, if they wish to pursue such relief, they are required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, it is

**ORDERED:**

To the extent Plaintiffs request affirmative relief from the Court, Plaintiffs' Response to Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss First Amended Complaint (Doc. 26) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Counsel of Record

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").